In re estate of JOHN TOOTLE, deceased.

[Decided July 8th, 1924.]

**Intestacy—Degrees of Consanguinity—Legitimacy of Exceptant —Necessary for Exceptant to Prove Non-existence of Nearer Next of Kin.**

On appeal of Jennie Kirkman Higgs. On appeal from Union county orphans court. On final hearing.

*Messrs. Wolber & Gilhooly,* for the appellant.

*Mr. Clarence D. Meyers,* for the administrator-respondent.

BUCHANAN, V. C.

John R. Kirkman, as administrator of John Tootle, deceased, filed his account in the Union county orphans court. Jennie Kirkman Higgs, claiming to be one of the heirs-at-law and next of kin, filed exceptions. The order or decree of the orphans court overruled and dismissed the exceptions on the ground that the exceptant was not one of the next of kin and had no legal interest in the estate, and allowed the account. From this the exceptant appeals.

The primary issue before the orphans court, and the only one determined by it, was the question as to whether the exceptant was entitled to file exceptions—whether she had an interest in the estate—whether she was one of the next of kin. John Tootle had died intestate. The burden of proof was upon the exceptant to show that she was one of the next of kin (or a transferee from one of the next of kin), and the burden of proof is also upon her in this appeal.

The exceptant's claim of relationship to the intestate is that she is the daughter of Ann Tootle, who was a sister of Richard Tootle, who was the father of John Tootle, the intestate, her alleged relationship being thus of the fourth degree of consanguinity. The particular dispute in the evi-

rence is as to the legitimacy of exceptant's birth, as to whether her mother, Ann Tootle, was the wife of Andrew Kirkman (exceptant's father). The orphans court determined this question in the negative.

The review has entailed the consideration of a large number of questions (out of the ordinary) as to the admissibility of testimony and other evidence, and also a number of questions as to the weight of evidence. The conclusion I have reached is that the decree of the orphans court must be affirmed. The detailed exposition of the separate determination of the many questions above referred to would require so much time and space that I omit them here. If necessary or advisable, they can be added by way of supplement hereto, if an appeal be taken.

It may be added that there is another reason, not argued in the briefs, which, I think, necessarily leads also to an affirmance, and that is this: Even assuming the fact of exceptant's legitimacy, and accepting the facts as proven that she is related to the intestate in the fourth degree, it is a necessary element in the establishment of her right to file the exceptions, her claim to be one of the next of kin, that she prove, by at least a preponderance of evidence, that there were at John Tootle's death no relatives of a nearer degree than her own. There are no proofs either way on this question. The record contains no evidence to show that there were, in fact, any nearer relatives living at the time of the intestate's decease, but that is not enough. The burden of proof, as I have said, was on the exceptant to establish her right, and to that end required of her some "affirmative" proof that there were no nearer relatives. The record discloses no such proof, either directly or by necessary inference.

I think the case is one where the costs of both parties, including reasonable counsel fees, should be paid out of the estate.